THE STATE OF OHIO, APPELLEE, *v.* KASSOW, APPELLANT.

[Cite as State v. Kassow (1971), 28 Ohio St. 2d 141.]

(No. 71-253—Decided December 22, 1971.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Fred J. Cartolano*, for appellee.

*Messrs. Reisenfeld, Norton & Schneider, Mr. Gary L. Schneider* and *Mr. Richard L. Norton*, for appellant.

Schneider, J. We affirm the Court of Appeals.

Appellant's first proposition of law relates to the trial court's treatment of his pre-trial "application" (motion) to conduct an evidentiary hearing to determine the admissibility of an inculpatory statement "and for the court to put into the record its conclusions and findings thereon." The motion was not accompanied by affidavit particularizing the facts in support of the claim, but undoubtedly it was directed to a tape-recorded statement elicited by in-custodial interrogation.

Apparently upon the premise that the state did not intend to use the statement, and in fact did not use it in its case in chief, the judge held the motion in abeyance without a hearing and without ever deciding it.

However, on cross-examination of appellant who assumed the stand in his own defense and made reference to a portion of that statement, the state, over objection, impeached appellant on the basis of an inconsistency between the statement and his testimony in chief.

Appellant now contends, as he did before the Court of Appeals, that the trial court should have specifically determined "the actual voluntariness of the statements, and whether there was compliance with *Miranda*."

The rule of *Miranda* v. *Arizona* (1966), 384 U. S. 436, which requires proof of the voluntary waiver of the Fifth Amendment *right not to respond* to police questioning, exists independently of, and in addition to, the historic rule of evidence that an accused's statement may not be used against him in any way if the *statement itself* is proved to be involuntary, *i. e.*, untrustworthy when tested by traditional legal standards. *Harris* v *New York* (1971), 401 U. S. 222, 28 L. Ed. 2d 1; *Spears* v. *State* (1853), 2 Ohio St. 584. See 8 Wigmore, Evidence (McNaughton rev. 1961) 400, Sec. 2266; 3 Wigmore, Evidence (Chadburn rev. 1970) 286 *et seq.*, Sec. 815 *et seq.*

Accordingly, the function of a pre-trial motion challenging the admissibility of an inculpatory statement is to serve notice upon the court that the *statment itself* is claim-

ed to be involuntary and thus inadmissible evidence, and to preclude a waiver of that claim, regardless of whether the *Miranda* waiver was made. *State* v. *Davis* (1964), 1 Ohio St. 2d 28; *State* v. *Woodards* (1966), 6 Ohio St. 2d 14. Cf. the fourth paragraph of the syllabus of *Spears* v. *State, supra* (2 Ohio St. 584), which indicates that the objection may be delayed until the prosecution offers to prove the confession.

Upon the trial of the issues raised by a pre-trial motion to suppress a statement claiming that the statement was compelled by mistreatment, threat of disadvantage, or hope of reward, the burden is upon the accused to prove his claim in that respect. *Rufer* v. *State* (1874), 25 Ohio St. 464.

It is not the function of a motion to suppress to test compliance with *Miranda* (although it may be so employed) because, prior to the use of an in-custodial statement, given in response to police interrogation, against the accused in its case in chief, the state has the burden of establishing that the accused knowingly and intelligently waived his right not to make it. *Miranda* v. *Arizona* (1966), 384 U. S. 436, 473-475.

Moreover, as we read *Miranda*, it nowhere contemplates that the failure of an accused to file a pre-trial objection to the possible use of his statement may be construed as a waiver of his right to demand proof, at the trial and before it is used, of his voluntary and intelligent waiver of his right not to have made the statement. Thus, the waiver rule of *State* v. *Davis, supra* (1 Ohio St. 2d 28), cannot apply to a failure of a pre-trial objection to noncompliance with *Miranda*.[1]

---

[1]On the other hand, as indicated in the text of the opinion, a *Miranda* objection to an extant statement of the accused need not await the state's proffer of that statement into evidence during the trial, but such objection *may*, and as an accommodation to the court *should*, be made in the form of a pre-trial motion to suppress, whether or not it is coupled with the claim that the statement itself constitutes inadmissible evidence because it was involuntarily made.

The knowledge demanded by *Miranda* relates to the right not to speak. The voluntariness equally demanded by that decision relates to the waiver of that right, not to a perversion of the will inhibiting the ability to speak truthfully.

Admittedly, if involuntariness in the latter sense is proven, it would hardly be possible for voluntariness to attach to a waiver of *Miranda* rights. But it does not follow that proof of apparent satisfaction of *Miranda* precludes proof that the statement itself was compelled by circumstances rendering it unworthy of belief.

Since in this case, the statement was used not to accuse but to impeach, the prosecution's failure to prove compliance with *Miranda* and the court's failure to consider the question was not error. *State* v. *Butler* (1969), 19 Ohio St. 2d 55; *Harris* v. *New York, supra* (401 U. S. 222).

This feature of the case would not, however, excuse the trial court from the duty to determine whether abuse, threat or reward compelled the statement itself We will now demonstrate that the trial court indeed determined that issue.

Appellant filed another pre-trial motion to suppress real evidence claimed to be the "fruit" of the same statement and which was likewise referred to as being involuntary and induced without compliance with *Miranda*. Despite the apparent similar intention of the state not to use the evidence in its case in chief, an extensive pre-trial hearing was held, at the conclusion of which the trial court denied the motion without specific findings of fact or law and without an express determination of the issues. Accord; *Sims* v. *Georgia* (1967), 385 U. S. 538.

Furthermore, when any such pre-trial motion to suppress is. filed, the court should require the prosecution, if it intends to use the statement in its case in chief, to undertake the proof of the *Miranda* waiver, so that, at a later time, the trial will not be interrupted for such purpose with its attendant inconvenience. Cf. *State* v. *Utsler* (1970), 21 Ohio App. 2d 167.

The state, in fact, did not introduce the evidence (photographs of three pistols to which the police were led by appellant during the course of his interrogation) until its case in rebuttal, that is, after appellant's testimony that he had seen three pistols on the day of the robbery was impeached by reference to his statement in which he said he had only seen two.

Nevertheless, appellant claims error in the action of the trial court on this motion similar to that claimed as to the first motion discussed. The same rules as those discussed in connection with the first motion were applicable, except that the accused had the further burden of showing that the challenged evidence was in fact the "fruit" of his statement.

Apparently with these considerations in mind, appellant undertook to carry his burden on the issue of involuntariness at the pre-trial hearing. In so doing, his counsel called as witnesses some nine police officers who had contact with appellant while in custody. Through their testimony alone (appellant did not testify on the motion) he established beyond cavilling that the evidence sought to be suppressed was indeed found as a result of in-custodial interrogation which also resulted in the tape-recorded statement, and further, established a *prima facie* case of full compliance with *Miranda* upon the part of the police.

Moreover, their testimony failed to reveal a confession induced by hope, fear, coercion, physical or mental abuse or promise of reward, so as to overbear appellant's will to resist. Appellant does not now claim by any authority that it was incumbent upon the state to offer proof negating those factors. Nor do we find such authority.

The record shows that after appellant was informed of his *Miranda* rights, he intelligently, understandingly and knowingly waived those rights in writing.

The order denying the motion to suppress was fully supported by evidence of unmistakable clarity and effectively, if not specifically, determined all three issues raised thereby, including the voluntariness of the statement.

A further proposition of law asserted by appellant is that "a person jointly indicted with two other individuals for murder in the first degree, in four separate indictments, each indictment alleging a separate and distinct victim, is denied due process and equal protection of the law, where the accused is tried simultaneously with the other codefendants and testimony is permitted at the accused's trial concerning the other victims."

Pursuant to R. C. 2945.20[2], appellant moved for a separate trial. With the concurrence of the prosecuting attorney, the court granted the motion but ordered a trial simultaneous with his codefendants.

Although conceding that the trial court "complied with the form" of R. C. 2945.20, appellant claims the simultaneous trials constituted a denial of his right to a *separate trial* in a capital case.

The purpose of R. C. 2945.20 is to insure a trial free from the prejudice which might otherwise result if an accused were tried with his codefendants.

Absent a showing on the record of any such prejudice and a failure to demonstrate the necessity for his codefendants' trial to run *seriatim*, we find no error.

Appellant maintains that Ohio's single-verdict procedure as set forth in R. C. 2901.01, violates the Fifth and Fourteenth Amendments to the federal Constitution; and, further, that the imposition of the death penalty, in the absolute discretion of the jury, as provided by R. C. 2901.-01, offends due process of law.

These contentions have no merit. *State v. Crampton* (1969), 18 Ohio St. 2d 182; *McGautha v. California* (1971), U. S.     , 91 S. Ct. 1454.

Prior to trial, appellant filed a motion for "discovery and inspection," asking specifically for the right to review

---

[2]R. C. 2945.20. "When two or more persons are jointly indicted for a capital offense, each of such persons shall be tried separately. The court, for good cause shown on application therefor by the prosecuting attorney or one or more of the defendants, may order said defendants to be tried jointly."

the scientific analysis of any items or tests taken with respect to lie detection or paraffin. The motion was denied.

Appellant now claims that when a court overrules a timely defense motion for discovery and allows the state to introduce in evidence the results of a neutron activation analysis without first disclosing it to the defense, or allowing the defense to run its own test, the court has deprived him of his right to a fair trial and to due process of the law.

In *State* v. *Lasky* (1970), 21 Ohio St. 2d 187, at 192, this court held that "the allowance or overruling of various discovery motions in a criminal case rests within the sound discretion of the trial court, and only in cases of clear abuse will that discretion be disturbed upon review."

In the instant case, a neutron activation analysis was administered to the appellant to determine whether he had fired a gun on the day in question. The test revealed that there was a zero amount of barium or antimony residue on appellant's left hand, whereas 7.5 micrograms of barium and 10.4 micrograms of antimony were found on his right hand, so as to indicate that "gunshot residue was present."

Appellant contends that without any knowledge on his part of results of those tests or an opportunity to run his own test prior to trial, "blatant unfairness and trial by ambush" resulted, citing *United States* v. *Kelly* (1969), 420 F. 2d 26.

Appellant's reliance on *Kelly* is misplaced. In *Kelly*, the prosecution had a continuing duty under Rule 16(g) of the Federal Rules of Criminal Procedure to disclose the results of the test to the accused. In Ohio, no such right of discovery, either by statute or by rule, exists.

Therefore, in the absence of any right of discovery similar to that found in the Federal Rules of Criminal Procedure, and in view of the failure of the appellant to show prejudice in light of his counsel's comprehensive cross-examination of the state's expert witness, we find no abuse of discretion in the denial of discovery and inspection.

Appellant directs his final proposition of law to the trial court's refusal of a change of venue pursuant to R. C. 2931.29.

In *State* v. *Swiger* (1966), 5 Ohio St 2d 151, the appellant there argued that the trial court erred in overruling a motion to change venue on the ground of copious adverse publicity. In interpreting R. C. 2931.29, this court held that "the examination of jurors on their *voir dire* affords the best test as to whether prejudice exists in the community against the defendant, and where it appears that opinions as to the guilt of the defendant of those called for examination for jurors are not fixed but would yield readily to evidence, it is not error to overrule an application for change of venue, in the absence of a clear showing of an abuse of discretion."

From a record lacking a *voir dire* of the jury demonstrating prejudice against the appellant arising from publicity, there can be no finding of abuse of discretion by the trial court in failing to order a change of venue.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.[a]

[a]JUSTICE DUNCAN sat in this case during oral argument, but did not participate in the decision.