THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

[Cite as State v. Jones (1974), 37 Ohio St. 2d 21.]

(No. 73-556—Decided January 23, 1974.)

*Mr. George C. Smith,* prosecuting attorney, *Mr. Miles C. Durfey* and *Mr. Curtis Griffith, Jr.,* for appellee.

*Weiner, Lippe & Cromley Co., L. P. A.,* and *Mr. Jerry Weiner,* for appellant.

STERN, J. Appellant urges reversal of his conviction upon two grounds: First, that his oral statement, "This isn't the time," should have been suppressed as the involuntary product of a pre-trial, custodial interrogation by the police, and, second, that his conviction was not adequately supported by the evidence adduced at the trial. We will first consider the alleged abridgement of appellant's privilege against self-incrimination, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution.

Appellant was taken to the Columbus police headquarters for questioning after his arrest early in the morning of June 26, 1971. The interrogating officer, Detective Edward Powell, testified that, prior to any questioning, he presented appellant with a standard form, entitled "Your Constitutional Rights," to read, and then read the form aloud to appellant. Included on the bottom of that form was a portion, entitled "Waiver," which stated:

"I have read the statement of my rights shown above and I understand what my rights are and I am willing to answer questions and make a statement. I understand and know what I am doing. No promises or threats have been

made to me and no pressure of any kind has been used against me."

Detective Powell testified that appellant indicated he understood his rights, but that appellant refused to sign anything, including the rights waiver, until he had spoken with his attorney, Paul Scott. The officer made no attempt to reach Mr. Scott, nor was the appellant provided a telephone to contact his attorney.[1]

Detective Powell began interviewing the appellant, who participated willingly in the conversation until, at some point, Powell began to make notations on a scratch pad. According to Powell, the appellant objected to any notetaking, and refused to speak further if anything was written down. The police officer then put away his pad and, sometime during the course of the continued interrogation, appellant made the statement herein at issue.

Although he testified otherwise at trial, appellant does not here contest the adequacy of the warnings, mandated by *Miranda* v. *Arizona* (1966), 384 U. S. 436, and given him by Detective Powell. The admissibility of appellant's statement to the police officer at the time of the interrogation hinges solely upon the question of whether appellant had effectively waived his constitutional right to remain silent.

A waiver is generally defined as an "intentional relinquishment or abandonment of a known right or privilege," and courts should indulge in every reasonable pre-

---

[1] R. C. 2935.14 and 2935.20 require, generally, that a person arrested or confined be provided facilities with which to obtain counsel, or communicate with his attorney. Since *Miranda* v. *Arizona*, 384 U. S. 436, 474, does not insure counsel to defendants who are not subjected to custodial interrogation, these statutes provide a right beyond those guaranteed by the federal Constitution. Appellant testified that he was not permited to use a telephone until two days after his arrest, when he contacted his parents. Detective Powell could not, of his own knowledge, contradict this testimony. Although we base our decision here on broader, constitutional grounds, we wish to state that the mandate of both R. C. 2935.14 and 2935.20 is clear, and deviation therefrom should not be countenanced.

sumption, arising from the particular facts and circumstances of the case, that inveighs against any waiver of fundamental, constitutional rights. *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 464.

When speaking of Fifth Amendment rights, the burden is on the state to show that a defendant has made a voluntary, knowing and intelligent waiver of his privilege to remain silent. Paragraph four of the syllabus in *State* v. *Kassow* (1971), 28 Ohio St. 2d 141. The trial court determined that the state had met its burden of proof in this case. Since the circumstances of appellant's interrogation, as we have set forth, are undisputed upon appeal, our review of the trial court's determination does not disturb the deference that is generally, and rightfully, accorded to a fact finder's initial judgment.

Appellant contends that throughout his interrogation he mistakenly believed that only written statements could later be used against him. If this were true, then both appellant's refusal to sign a rights waiver, before conferring with his attorney, and his objection to Detective Powell's taking notes, would be consistent with a mistaken notion of his *Miranda* rights. The state argues, however, that appellant's aversion to the written word is equally explainable on other grounds. Although we agree that appellant may have only intended, for some personal reason, to put various conditions on his willingness to speak to Detective Powell, the record does not affirmatively disclose what such reason might be. We are thus put in a position of speculation as to appellant's motive for taking apparently contradictory positions.

This problem has arisen elsewhere. In *Brown* v. *State* (1971), 270 N. E. 2d 751, 753, the Supreme Court of Indiana found that a defendant's "* * * refusal to sign the waiver of rights form [until consulting with an attorney] was an explicit, voluntary and knowing *refusal* to waive his rights." Although we are not willing to imply as much from appellant's similar refusal here, we are equally unwilling to say that appellant's actions may easily be dis-

regarded in assessing whether he waived his constitutional rights.

Again, in *United States* v. *Nielson* (C. A. 7, 1968), 392 F. 2d 849, a defendant refused to sign anything, including a rights waiver, until he had spoken with his lawyer. The court faulted the interrogating federal agents for accepting the defendant's equivocal invitation to continue the questioning, and held that the government had failed to adequately demonstrate a knowing and intelligent waiver by the defendant.

We have examined numerous other federal cases,[2] and have found a general willingness to closely scrutinize any apparent ambiguity in a defendant's purported rights waiver. Indeed, such vigilance is mandated by *Miranda, supra,* and provides the most fundamental protection of a person's constitutionally secured rights.

We believe that in this case the state has not met its "* * * heavy burden * * * to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda, supra,* at 475. Although appellant's conduct at police headquarters may be susceptible to various interpretations, the record fails to negate the one interpretation fatal to the state's case—that appellant misunderstood the legal effect of his speaking to Detective Powell.

We do not require police officers to probe a suspect's motives after his *Miranda* rights have been clearly explained, he indicates an understanding of them, and then demonstrates a willingness to speak. What we do require, however, is that when a defendant subsequently acts in such a

----

[2]*United States* v. *Priest* (C. A. 5, 1969), 409 F. 2d 491; *United States* v. *Van Dusen* (C. A. 1, 1970), 431 F. 2d 1278; *United States* v. *Crisp* (C. A. 7, 1970), 435 F. 2d 354; *United States* v. *Jenkins* (C. A. 7, 1971), 440 F. 2d 574; *United States* v. *Phelps* (C. A. 5, 1971), 443 F. 2d 246; *United States* v. *Howell* (C. A. 2, 1971), 447 F. 2d 1114; *United States* v. *Speaks* (C. A. 1, 1972), 453 F. 2d 966; *United States* v. *Frazier* (C. A. D. C. 1973), 476 F. 2d 891.

way as to reasonably alert an interrogating officer that the warnings given have been misapprehended, the officer must, before any further questioning, insure that the defendant fully and correctly understands his Fifth Amendment rights. This was not done by Detective Powell, and the trial court, therefore, erred in failing to suppress appellant's statement to the officer.

*Chapman* v. *California* (1967), 386 U. S. 18, 24, holds that " * * * before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Appellant's words, "This is not the time," tended to show his knowledge of, and complicity in, the attempted robbery that led to Donald Reed's homicide. We are unable to say, absent appellant's statement, that the evidence at trial was sufficient, beyond a reasonable doubt, to warrant his conviction.

In view of our agreement with appellant's first proposition of law, it would be inappropriate for us to consider his second proposition. To do so would be to prejudge the Franklin County prosecutor's decision as to whether sufficient evidence exists to retry appellant. Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.