THE STATE OF OHIO, APPELLEE, *v.* HALL, APPELLANT.

(No. 76-609—Decided December 23, 1976.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Robert R. Hastings, Jr.*, and *Mr. Bruce Garry*, for appellee. *Mr. Clayton E. Shea*, for appellant.

CELEBREZZE, J. At the outset, we can dispose of the appellant's contention that the imposition of the death penalty violates the Eighth and Fourteenth Amendments to the Constitution of the United States, in a succinct manner. Suffice to say, that this argument has been previously resolved by this court in the case of *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, and that ruling has been adhered to on a number of occasions. We have carefully examined both the record in this case and the brief in support of appellant's proposition of law characterizing this complaint and we are constrained to say that we find nothing novel therein. Therefore, we shall not consider this argument further.

The appellant then contends that his statements admitted by the trial court should have been suppressed since the state did not meet its burden of establishing that he knowingly, intelligently, and voluntarily waived his *Miranda* rights. Appellant complains further that the statements were inadmissible for the reason that the prosecution did not furnish the defense with a copy of the waiver of these rights pursuant to their motion for discovery under the Rules of Criminal Procedure.

With respect to the latter contention, the record discloses that the appellant was interviewed on three separate occasions while in custody in Dayton. The first two interviews took place on October 22, 1974, and October 23, 1974, and were conducted by detectives from the Cincinnati Police Department. On October 28, 1974, a detective from the Columbus Police Department interviewed the appellant. Pursuant to the motion for discovery filed by appellant, the

prosecutor furnished defense counsel with copies of the "waiver of rights" forms executed by the appellant pertaining to the first two sessions. For whatever reasons—the prosecutor says he did not know the Columbus Police had a "waiver of rights" form for their interrogation—the prosecutor did not comply with the court's order to furnish the third waiver. The appellant maintains that without this written waiver the third statement should not have been admissible. We will not decide here the former contention, but it is obviously not a complete statement of the law.

The first two statements were tape-recorded, the former denying everything and the latter admitting participation in the kidnapping and robbery but not in the homicide. It is the third statement which the appellant characterizes as "crucial" because in this verbal statement the appellant admits his participation in the killing.

Crim. R. 16(B)(1)(a)(i) allows discovery of statements of the defendant or co-defendant, as follows:

"(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof * * *."

Appellant contends that the signed waiver form was evidence of a voluntary, knowing and intelligent waiver and since it was not furnished pursuant to the allowance of the discovery motion, it should have been excluded by the trial court under Crim. R. 16(E)(3):

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or pro-

hibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

This exclusion, contends appellant, would have been sufficient grounds for the court to refuse the statement.

Appellee argues that the trial court properly admitted the waiver form because it could not be categorized as "information subject to disclosure." Moreover, appellee states, even if the written waiver was not subject to disclosure, it was properly received because the prosecutor did not have knowledge of its existence until just prior to the time the Columbus detective took the witness stand. Thus, the trial court in the exercise of its discretion could admit such a waiver form. Appellee states further that the appellant was not prejudiced by the admission of this document since defense counsel had already been provided with the other two waiver forms, apparently concluding that since it had complied with two-thirds of the court's order that was sufficient.

The Court of Appeals held that the form was not a "statement of defendant" under Crim. R. 16(B)(1)(a), but arguably might be a "paper" under sub-paragraph (c) which reads:

"Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belonged to the defendant."

That court apparently accepted the prosecutor's argument that since he had no knowledge of the existence of the "paper," it was not "available to or within the possession, custody, or control of the state * * *."

We conclude that the signed waiver form constituted a "statement of defendant" within the meaning of Crim.

R. 16(B)(1)(a). Although it defies belief that an otherwise competent prosecutor would not be aware of a key document in the custody of an important state's witness, we are prepared to accept the confidence of the trial court in accepting this explanation. It should be noted, however, that the moment the prosecutor became aware of the waiver form he had a continuing duty to disclose such matter to the other party. (Crim. R. 16[D].)

The question to be determined is: "Did the trial court abuse its discretion and commit prejudicial error in admitting the waiver?" The record discloses that defense counsel had already secured two waiver forms and was on notice so as to be prepared to examine the police officers regarding their execution.

Finally, as indicated above, the interrogating officer was capable of testifying to the circumstances surrounding the obtaining of the waiver even if the document itself had been excluded. We conclude that given the totality of the circumstances, the action of the trial court, at most, constituted harmless error. (See *Chapman* v. *California* [1967], 386 U. S. 18.)

Finally, appellant contends that the state did not satisfy its burden of proving that he knowingly, intelligently and voluntarily waived his Fifth Amendment right against self-incrimination. The record discloses two incriminating statements, the one given on October 23, 1974, in which he admitted participating in the kidnapping and robbery and the other on October 28, 1974, where he confessed to participating in the murder.

The United States Supreme Court has held in the case of *Miranda* v. *Arizona* (1966), 384 U. S. 436, that the prosecution must allege and prove the following before a statement made by an accused during a custodial interrogation may be admitted in evidence:

(1) That the accused, prior to any interrogation, was given the *Miranda* warnings;

(2) After receiving said warnings, that the accused made "an express statement" that he intended to waive his rights; and

(3) That the accused effected a voluntary, knowing and intelligent waiver of his rights.

The burden is on the prosecution to prove a valid waiver under the above conditions. (*State* v. *Kassow* [1971], 28 Ohio St. 2d 141.)

Appellant contends that the totality of the circumstances indicate the waiver was not voluntary, knowing or intelligent, because he did not have the intelligence to validly waive his rights. It is the appellant's position that he did not possess the intellectual ability to comprehend the meaning and significance of the five initial warnings given him or the mental acuity and capacity to competently decide whether to waive his rights. The facts in the record do not support this conclusion. The transcript indicates that prior to each interview by the police, the appellant was fully advised of his constitutional rights. In addition, upon all these occasions the appellant signed a "waiver of rights" form which was shown and read to him before signing. The appellant stated that he could read and each time he was read his rights he responded that he understood them. The record discloses that the appellant responded appropriately to the questions and he appeared to be calm and intelligent. According to the testimony, at no time did the appellant manifest any conduct which could be construed as a misapprehension of his rights. (*State* v. *Jones* [1974], 37 Ohio St. 2d 21.)

The record does not substantiate the appellant's contention that he did not possess sufficient mental capacity to know and understand the explanations given to him or that having understood them he did not voluntarily and knowingly waive them.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.