THE STATE OF OHIO, APPELLANT, *v.*
GASSER, APPELLEE.

(No. 11-79-17—Decided April 22, 1980.)

*Mr. Tim A. Clemens,* for appellant.
*Rodney M. Arthur Co., L.P.A.,* and
*Mr. Mark A. Robinson,* for appellee.

GUERNSEY, P.J. Defendant, Ronald J. Gasser, was charged in the County Court of Paulding County with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19, by uniform traffic ticket filed in that court on September 24, 1979. On September 26, 1979, defendant filed a motion to suppress (1) the opinion of the arresting officer regarding defendant's sobriety, (2) statements taken from defendant, and (3) tests of defendant's motor coordination and/or sobriety including but not limited to chemical tests of defendant's blood alcohol level. On December 19, 1979, after hearing, the county court filed its journal entry ordering "that all evidence of and concerning the breath testing instrument and the results obtained therefrom be and they hereby are suppressed."

From this order the state of Ohio has appealed pursuant to R.C. 2945.67 and Crim. R. 12(J) assigning error of the trial court as follows:

"I. * * * in suppressing the results of the intoxilyzer test since the state established probable cause for the arrest; therefore a valid arrest was made and the intoxilyzer test could be administered and was not in violation of defendant's constitutional rights of due process of law and is properly admissible as evidence.

"II. * * * in suppressing the results of the intoxilyzer test since the burden of going forward at [*sic*] a motion to suppress and presenting evidence to show the test was not administered according to the regulations of the State of Ohio, Department of Health; the machine was not in proper working order; and the operators did not have the necessary qualifications to operate the intoxilyzer machine rests upon the defendant."

The evidence on the motion to suppress tended to prove that the defendant was found by the arresting officer in the back seat of the patrol car of another officer at the scene of an accident, a car in a ditch having hit a tree. He had injuries of which he was complaining. There was testimony that in the neighborhood of five minutes earlier he was seen driving alone a short distance away in the same car which was found in the ditch and at that earlier time had caused his car to collide with a car in which the witnesses were driver and passenger. There were no eyewitnesses, however, to the accident in which defendant's car was found in the ditch. The arresting officer further

testified that there was a strong odor of alcohol about the defendant, that his eyes were bloodshot, and he was crying, and confused.

There was no evidence adduced by either state or defendant as to the time when the defendant was arrested in relation to the time of the accident where the defendant was found, as to the giving of any blood alcohol test, or as to the results thereof.

Although it is the law that the presumption in R.C. 4511.191, arising from the results of a chemical test, that an accused was under the influence of alcohol when operating a motor vehicle, cannot exist in the absence of a valid arrest, (*State* v. *Risner* [1977], 55 Ohio App. 2d 77 [9 O.O.3d 230]), it is not necessary for us to determine whether the arrest here was, in fact and in law, valid because, in any event, as portrayed by the transcript of proceedings of the motion to suppress hearing, the trial court concluded that the officer had "probable cause," apparently for an arrest, and sustained the motion on different grounds, *i.e.,* because there was no evidence that an arrest had been actually made, none as to when the test was given, or even that a test had been given.

Consequently, the trial court did not suppress the test evidence on the basis of an invalid arrest and the first assignment of error is not portrayed and is not well-taken.

As to the second assignment of error, as recently as November 28, 1979, the Supreme Court of Ohio in the case of *Aurora* v. *Kepley* (1979), 60 Ohio St. 2d 73 [14 O.O.3d 273], basing its decision on *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140 [38 O.O.2d 366], as further explained in *Cincinnati* v. *Sand* (1975), 43 Ohio St. 2d 79 [72 O.O.2d 44], held:

"1. Before the results of a Breathalyzer test given an accused are admissible in evidence against him, it is incumbent upon the state to show that the instrument was in proper working order and that its manipulator had the qualifications to conduct the test (paragraph six of the syllabus in *Mentor* v. *Giordano,* 9 Ohio St. 2d 140 [38 O.O.2d 366], followed.)"

In *Cincinnati* v. *Sand, supra,* the Supreme Court also held:

"2. The results of a Breathalyzer test, administered pursuant to R.C. 4511.19, may only be admitted in evidence upon the *affirmative establishment* of facts supporting the following conditions:

"a. The bodily substance must be withdrawn within two hours of the time of such alleged violation.

"b. Such bodily substance shall be analyzed in accordance with methods approved by the Director of Health.

"c. The analyses shall be conducted by qualified individuals holding permits issued by the Director of Health pursuant to R.C. 3701.143." (Emphasis added.)

It is obvious from the cited and from the quoted cases, two of which were decided before the adoption of Crim. R. 12(B) with reference to mandatory pretrial motions, and the third, which does not speak to the impact of such rule, that the Supreme Court determined that when the issue of admissibility of the results of a blood alcohol test to raise the presumption that the defendant was under the influence of alcohol was raised at trial, the burden of proof or persuasion as to the foundation facts was with the state and not with the defendant.

We are not aware of any case where the Supreme Court has specifically treated the issue which party has the burden of proof or persuasion as to such foundation facts on a pretrial motion and which party has the burden at such time of going forward with such evidence.

We see no reason for there to be any difference with respect to the burden of proof or persuasion of such facts at the hearing of a pretrial motion from such burden at trial. As a matter of fact, in view of the mandatory nature of the pretrial motion to suppress evidence illegally obtained and the resultant waiver if the motion is not filed, it must be ques-

tioned whether the issue of proof of the foundation facts should now ever arise at trial but the same should be resolved by virtue of a pretrial motion or the lack thereof. Accordingly, it would seem that the established law as to the burden of proof or persuasion as to such facts at trial should be made applicable to the burden of proof or persuasion as to such facts at pretrial.

It is our opinion, therefore, that on a pretrial motion to suppress the results of a blood alcohol test the state has the ultimate burden of proof or persuasion as to the facts necessary to show that the test was done in accordance with established law to the extent that the defendant takes issue with the legality of the test. In other words, if the stated grounds for defendant's motion to suppress are confined to only one of the subordinate facts, such as the legality of the arrest or such as the time between the alleged violation and the withdrawal of the bodily substance, the defendant has, in effect, waived all other subordinate matters relating to the legality of the test and the state's ultimate burden of proof or persuasion relates, in such event, only to the disputed facts.

This, however, does not solve the situation which we have here where the defendant attacks both the arrest and the giving of the test and nobody offers evidence as to the fact of the arrest or the giving of the test, and the state claims, in such instance, that it had no burden, relying on a number of cases pre-dating both the rule in question and not specifically applicable to the blood alcohol test and presumption.

This problem is discussed at length in 1 Anderson's Ohio Criminal Practice and Procedure (1973) 322 et seq., Section 23.6, both in general and with specific application to defendant's statements, search and seizure issues, and identification testimony, and the article concludes that the most recent case cited by the state, State v. Kassow (1971), 28 Ohio St. 2d 141 [57 O.O.2d 390], placing the burden on the accused on the pretrial hearing of a motion to suppress to prove that his inculpatory statement was involuntary, is overruled by implication by the case of Lego v. Twomey (1972), 404 U.S. 477, which assumes that the burden of proof is upon the state. The Supreme Court of the United States does not, however, in the Lego case, either directly or by implication, indicate who has the burden of going forward with such evidence.

In the section on "The Motion to Suppress" in 3 LaFave, Search and Seizure (1978) 498 et seq., Section 11.2(b), the author speaks of the burden of going forward as the burden of production and concludes that though it is not inevitably true that the burden of production and the burden of persuasion must both fall upon the same party the prevailing practice is to allocate the two burdens jointly to one party or another. The section is, of course, reflective of search and seizure issues, but the obtaining and testing of a blood alcohol sample is a type of search and seizure and in many respects similar considerations should obtain as to the burden of going forward.

Some of these considerations, particularly applicable to blood alcohol testing and the defendant's apparent state of intoxication at the time of his arrest and in favor of the state's burden to initially go forward are (1) that it has greater access to the relevant facts and to the persons who know same, (2) that it is generally more economical of judicial time and the parties' resources for the state to assert the lawful ground or grounds than to require a defendant as an initial matter to put into the record evidence negating such lawful grounds, (3) that to place the burden on the defendant usually requires the proof of a negative with all the problems associated therewith, and (4) if the defendant was, in fact, in a state of intoxication at the time the events took place which supply the foundation for the admissibility of the test results and the aris-

ing of the presumption then, on balance, the state is in a much better position to proceed with its affirmative proof than the defendant is to proceed with the negative.

It is our opinion on the basis of these considerations that the state, as well as having the ultimate burden of proof or persuasion, has at a hearing of a pretrial motion the burden of going forward with the evidence to prove that it has complied with each foundation requirement that the defendant has set forth in his motion to suppress as not having been fulfilled.

We conclude, in the instant case, that the state not having satisfied its burden of going forward, as well as its burden of proof, that the foundation requirements for the admission of the intoxilyzer test results have been fulfilled, the trial court did not commit any error in suppressing same pursuant to the defendant's pretrial motion.

Having found no error as assigned and argued, the judgment is affirmed.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.