~
## State v. Jones
### Case No. 89 CA 73
### Mahoning County, (7th)
### Decided February 26, 1990
[Cite as 1 AOA 248]

*For Plaintiff-Appellee: James A. Philomena, Prosecuting Attorney, Kathi L. McNabb, Asst., Prosecuting Attorney, Mahoning County Courthouse, 120 Market Street, Youngstown, Ohio 44503,*

*For Defendant-Appellant: David Barry Dickson, 51298 Dickson Road, Petersburg, Ohio 44454.*

O'NEILL, P.J.

On December 27, 1988, defendant was charged by a state highway patrolman with operating a motor vehicle while under the influence of alcohol, operating a vehicle with a prohibited alcohol concentration, and failure to maintain reasonable control.

The defendant entered a plea of not guilty to all charges. On March 1, 1989, a hearing was conducted by the trial judge relative to "motions that were filed by the defense counsel to suppress evidence." The central theme of this motion was the fact that, subsequent to her arrest pursuant to the implied consent law, the appellant furnished a state trooper a breath sample which was then analyzed by a BAC Verifier Machine with the result that the appellant, at the time of this test, reflected a blood alcohol content of .146. It was established at this hearing that the machine, which was used to conduct the test, had not been subjected to a Radio Frequency Interference Survey since January 1, 1987. The trial judge overruled the motion to suppress and the defendant-appellant came on for trial before a jury at the conclusion of which she was found guilty and appropriately sentenced and fined. A timely notice of appeal followed the final judgment entry of the trial court.

The sole assignment of error raised by the appellant is to the effect that the trial court erred in refusing to suppress the results of the BAC verifier Test conducted on the defendant.

It was clearly established at the pretrial motion hearing that, since January 1, 1987 until the conduct of the test upon the defendant-appellant, the breath testing instrument used in her test had not been the subject of a Radio Frequency Interference Survey. Effective January 1, 1987, the Director of Health of the State of Ohio, had adopted Administrative Code 3701-53-02(C), which reads as follows:

"A Radio Frequency Interference (RFI) Survey shall be performed for each breath testing instrument listed in paragraph (A) (1) to (A) (3) and (A) (5) of this rule that is in operation at each breath testing site. RFI surveys are not required for the instrument listed in paragraph (A)(4) of this rule. Survey results shall be recorded on the form set forth in appendix G to this rule. The original RFI survey form and any subsequent RFI survey forms shall be kept on file in the area where tests are performed. A new survey shall be conducted when a breath testing instrument's spatial placement or axis is changed from that designated in the most recent survey form. Radio transmitting antennae shall not be used within any RFI-affected zone during conduct of a subject test or a calibration check."

Before the result of a breathalyzer test given an accused are admissible in evidence against him, it is incumbent upon the State to show that the instrument was in proper working order *Aurora* v. *Kepley* (1979), 60 Ohio St. 2d 73, Syl. 1). R. C. 4511.19 addresses the issue of analysis of bodily substances in cases involving driving under the influence of alcohol. That code section states, in pertinent part:

"Such bodily substance shall be analyzed in accordance with methods approved by the director of health * * *."

It is our conclusion that the aforestated rule, adopted by the director of the department of health and given effect as of January 1, 1987, was an established standard by the department of health which was to be followed subsequent to January 1, 1987. On a pretrial motion,

relative to the issue as established in this case, the State has the ultimate burden of proof or persuasion as to the facts necessary to show that the test was done in accordance with established law to the extent that the defendant takes issue with the legality of the test.

"The state, as well as having the ultimate burden of proof or persuasion, has at a hearing of a pretrial motion to suppress the results of a blood alcohol test the burden of going forward with the evidence to prove that it has complied with each foundation requirement that the defendant has set forth in his motion to suppress as not having been fulfilled." *State* v. *Gassser* (1980), 5 Ohio App. 3d 217, Syl. 2.

Based upon the evidence submitted at the pretrial hearing conducted in this case, it is our conclusion that the trial judge should have granted a motion in limine with a direction to the State that the State was barred from introducing any evidence establishing the result of the BAC test performed following the defendant-appellant's arrest.

As a side-light to this case, it is our further conclusion that motions, such as the one which is the subject of this appeal, are not properly motions to suppress evidence but rather should be motions directed to limitation of introduction of evidence. Cr. R. 12(B)(3) gives definition as to motions to suppress. It is stated in that rule:

"Motions to suppress evidence, including but not limited to statements and identification testimony, *on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.*" (Emphasis added).

In this issue, there is no argument that the results of the BAC test were illegally obtained. Pursuant to the implied consent law, the test was legally conducted and the result obtained therefrom was a legal result but, in view of the fact that there was a noncompliance with a regulation, the result of that test was not admissible over objection.

We have the further issue here as to whether our conclusion reached is justification for reversal of the jury verdict and the judgment entered by the trial court in view of the fact that we have not been furnished with a transcript of the evidence which was presented before the jurors.

Upon our review of the evidence, which has been transmitted by the trial court, we find a "'BAC Verifier Test Report Form" which reflects a test result of 0.146 grams of alcohol. We find further, amongst that evidence, a tape which was apparently dispensed by the BAC machine reflecting a blood alcohol content of 0.146.

It is our conclusion that the results of the BAC test were submitted to the jurors at trial and it is our further conclusion that this erroneous evidence was of such a prejudicial effect that the judgment of the trial court should be reversed.

Accordingly, the judgment of the trial court, reflecting the verdict of the jury and finding the defendant-appellant guilty of driving under the influence of alcohol, is reversed and this cause is remanded to the trial court for further proceedings according to law and according to the judgment of this court.

DONOFRIO, J., and COX, J., Concur.