## Medina v. Townsend
### [Cite as 7 AOA 343]

Case No. 1879
Medina County, (9th)
Decided October 31, 1990

John Lohn, Asst. Prosecutor, 132 N. Elmwood St., Medina, Ohio 44256, for Plaintiff.

Robert Schultz, 123B Greenwich Rd., Seville, OH 44273, for Defendant.

BAIRD, P.J.

This cause comes before the court upon the appeal of Thomas Townsend from his conviction in the Medina Municipal Court following his plea of no contest to a charge of operating a motor vehicle with a prohibited breath-alcohol count, in violation of Medina City Ordinance 333.01(A) (3). This ordinance is substantially similar to R.C. 4511.19(A)(3), and violations of both are first degree misdemeanors.

Appellant was arrested on the above charge on April 22, 1989. On July 7, the individual who was then acting as his attorney authorized the Medina prosecutor to sign the attorney's name on a speedy trial waiver form. The first trial date of July 13 was continued to August 22 due to court docket congestion. On August 22, the court denied appellant's motion to dismiss for failure to bring him to trial within the ninety-day time period required by R.C. 2945.71. However, the court granted appellant's motion to compel discovery, and then ordered another continuance to give appellant time to review the evidence produced through compelled discovery.

On August 24, appellant filed a motion to suppress the results of his Intoxilyzer breath-alcohol test, alleging, failure of the police to comply with the requirements of Ohio Adm. Code 3701-53-02 regarding radio frequency interference (RFI) tests for breath-alcohol measuring instruments. A hearing was held on the motion on October 30. On November 29, the court denied the suppression" motion, and appellant subsequently entered his plea of no contest.

### Assignment of Error I.

"The court erred in not discharging the defendant for want of speedy prosecution."

We find no error in the trial court's denial of appellant's motion to dismiss for lack of a speedy trial. The record shows that the first continuance was reasonably ordered pursuant to R.C. 2945.72(H); which extends the time in which trial must be commenced for the period of any reasonable continuance granted other than upon the accused's own motion. The second continuance was also properly granted pursuant to R.C. 2945.72(E) which extends the time for the period of delay caused by a motion raised by the accused. Any alleged error by the court in finding that appellant's first attorney waived speedy trial on his behalf is of no consequence, as trial was first convened and the first continuance granted well within the statutory time limits of R.C. 2945.71.

### Assignments of Error.

"II. The court erred in not suppressing the defendant's breath test as evidence, there having been no RFI survey done after January 1, 1987, as required.

"III. The court erred in finding that the so called October 30, 1986, RFI survey was in substantial compliance with Ohio Department of health rules regulations [sic] dated January 1, 1987. (OAC 3701-53-02)."

Ohio Adm. Code 3701-53-02(C) reads:

"(C) A radio frequency interference (RFI) survey shall be performed for each breath testing instrument listed in paragraphs (A)(1) to (A) (3) and (A) (5) of this rule that is in operation at each breath testing site. RFI surveys are not required for the instrument listed in paragraph (A) (4) of this rule. Survey results shall be recorded on the form set forth in appendix G to this rule. The original RFI survey form and any subsequent RFI survey forms shall be kept on file in the area where tests are performed.A new survey shall be conducted when a breath testing instrument's spatial placement or axis is changed from that designated in the most recent survey form. Radio transmitting antennae shall not be used within any RFI-affected zone during conduct of a subject test or a calibration check."

This code section became effective on January 1, 1987. The purpose of this section was to set forth more exact and reliable methods of RFI surveying of breath-alcohol measuring instruments than had been previously required. *State v. Fley* (Dec. 14, 1988), Hamilton App. No. C-870811, unreported.

Medina police had last conducted an RFI survey of their Intoxilyzer machine on October 301 1986. The trial court found that this survey was in substantial compliance with the new regulations, and therefore denied appellant's motion to suppress. See *State v. Stallings* (Mar. 8, 1989), Medina App. No. 1751, unreported; *State v. Plummer* (1986), 22 Ohio St. 3d 292.

Appellant argues that Ohio Adm. Code 3701-53-02(C) requires that an RFI survey be performed after the effective date of that code section in order for the results of breath-alcohol tests taken after that date to be admitted at trial. Appellant cites *State v. Fley, supra,* in support of this contention. in that case, the First District Court of Appeals held that compliance with the newly enacted procedure was mandatory, and that a breath-alcohol measuring instrument must be surveyed for radio frequency inter- ference according to the procedures set forth in Appendix G to Ohio Adm. Code 3701-53-02(C) before breath-alcohol test results can be used in court.

However, neither *Fley* nor the language of Ohio Adm. Code 3701-53-02(C) supports appellant's contention that such a survey must be made *after* the effective date of the regulation. Ohio Adm. Code 3701-53-02(C) requires retesting only where the instrument has been moved in its spatial placement or axis. There is no contention that this occurred here. Further, it is clear from the record that the RFI survey procedures followed by the Medina police on October 30, 1986, were virtually identical to those that became mandatory on January 1, 1987, if not even more exacting in their requirements. We find no justification for requiring repetition of a proper RFI survey merely because it was performed before such a survey became mandatory.

Appellant further alleges several failures in proper administration of the October 30, 1986, RFI survey itself. Our review of the record shows that these issues were not specifically raised before the trial court. Appellant has therefore waived review of these alleged errors on appeal. See *State v. McGarry* (July 25, 1990), Summit App. No. 14467; *State v. Gasser* (1980), 5 Ohio App. 3d 217.

Judgment of the trial court is affirmed.

CIRIGLIANO, J., concurring in judgment only.

I concur in judgment only for this case in recognition of the decision reached by the majority of the entire panel of this court that will establish this court's position and judgment for the disposition of all similar cases as well as in the cause *sub judice.* However, I believe that a directive in the form of a regulation from an administrative agency, like the Department of Health, requires a prospective application unless there has been a prior determination indicating a contrary intent from the administrative body. I believe that administrative rules and regulations are presumed, like statutes, to be prospective in their application. See, *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, paragraph two of the syllabus. An administrative rule issued pursuant to statutory authority has the force and effect of law unless it is unreasonable or is in clear conflict with a similar statute governing the same subject matter. *Youngstown Sheet & Tube Co. v. Lindley* (1988), 38 Ohio St. 3d 232, 234. Thus, I believe that a regulation from the Department of Health, like a statute, must be applied prospectively, which would mandate that each breath testing instrument be tested for susceptibility to radio frequency interference following the effective data of the regulation.

Technology is an effective tool for law enforcement. Many testing devices have proven to be reliable in the prosecution and conviction of drunken drivers, who have devastated the lives of so many innocent victims. However, I am

also concerned that an improperly calibrated device may also cause a similar devastation to the reputation of an accused and result in an unjust conviction.

The formulation of a regulation may arise from either an absence of a definitive procedure, or from a desire to establish uniformity in existing procedures. I believe that the Health Department's establishment of the regulation requiring the testing of all breath testing devices was to establish an uniform procedure. This new regulation would put to rest the questions arising from possible faulty readings resulting from radio frequency interference. Therefore, to eliminate the concern of an incorrect breath test result, all machines should be tested after the regulation's effective date of January 1, 1987, and in accordance with the words of the regulation.

For the reasons stated above I concur in judgment only to establish the position chosen by the majority of the members of this court.

CACIOPPO, J., concurs in Judge Cirigliano's concurrence.

I, however, am of the strong belief that each case should be decided by the panel hearing it only. The constitution requires that three judges sit in judgment.