THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

(No. 397—Decided April 28, 1982.)

Mr. *Dexter K. Bastin,* for appellee.

Messrs. *Cassity, Kelly & Houser* and Mr. *Michael E. Cassity,* for appellant Richard Taylor.

JONES, J. On May 9, 1981, a highway patrol officer was summoned to the scene of an accident in Brown County. Prior to going to the scene of the accident the officer went to the Brown County General Hospital where he observed the appellant in an unconscious condition.

The officer talked to two witnesses at the hospital who told him that the appellant had been drinking and had had an accident on a friend's motorcycle. The officer noted an odor of alcohol emanating from the appellant's unconscious body.

The officer asked that blood be withdrawn from the unconscious appellant for a blood test to determine the extent of appellant's intoxication. He also issued a citation, handing it to the appellant's mother, charging the appellant with driving under the influence of alcohol in violation of R.C. 4511.19.

The appellant, prior to trial, filed a motion to suppress the results of the blood test and the motion was denied, after a hearing, on July 30, 1981. The appellant then changed his plea to no contest and was convicted as charged and sentenced as appears of record. From that conviction and sentence the appellant brings a timely appeal to this court.

The appellant's first assignment of error reads as follows:

"The trial court erred in admitting evidence of a blood test where the blood was withdrawn from the defendant without his consent and without the existence of a valid arrest for the offense of driving while under the influence of alcohol."

R.C. 4511.191 provides for the implied consent of a person operating a motor vehicle on the public highways of this state to submit to tests to determine the alcoholic content of his blood. R.C. 4511.191 reads, in pertinent part, as follows:

"(A) Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his

blood if arrested for the offense of driving while under the influence of alcohol. The test or tests shall be administered at the direction of a police officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.

"(B) Any person who is dead, unconscious, or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn consent provided by division (A) of this section and the test or tests may be administered, subject to sections 313.11 to 313.16, inclusive, of the Revised Code."

There is no dispute about the fact that the appellant was unconscious at the hospital prior to the blood test and so R.C. 4511.191(B) is the applicable law. The appellant argues that R.C. 4511.191(B) must be read together with R.C. 4511.191(A) and that since R.C. 4511.191(A) requires an arrest prior to consent being implied, R.C. 4511.191(B) requires an arrest also. Since there was no arrest at the hospital, the argument goes, withdrawal of the appellant's blood was illegal and should have been suppressed.

We read R.C. 4511.191(B) to authorize the withdrawal of blood from an unconscious individual by an officer who has reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this state while under the influence of alcohol, whether or not the unconscious person is actually placed under arrest.

A police officer in a case such as this is in a difficult position. Certainly he is concerned that the unconscious individual receive prompt medical attention. On the other hand, he has an obligation to enforce the law prohibiting driving while intoxicated. Therefore the officer must get a blood test quickly while leaving the unconscious individual in the control of the hospital authorities in order to accomplish both goals. We do not think that the legislature intended to prohibit this procedure by requiring an arrest of an unconscious person.

Each "drunken driving" case is to be decided on its own particular facts. *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O.3d 310]. In the case *sub judice* the officer spoke to a witness about half an hour after the accident occurred. This witness told the officer that he had loaned the appellant his motorcycle, that the appellant had been drinking, and that he observed the scene of the accident minutes after it occurred. The officer also observed that the appellant was unconscious and had an odor of alcohol. We hold that the officer did have reasonable grounds to believe that the appellant had been driving a motor vehicle on a public highway in this state while under the influence of alcohol. This is all that is required for implied consent to withdrawal of blood under R.C. 4511.191(B).

The appellant relies on *State* v. *Risner* (1977), 55 Ohio App. 2d 77 [9 O.O.3d 230], which held that there is no implied consent under R.C. 4511.191(A) to withdraw blood unless the person from whom blood is taken was validly arrested for driving while under the influence of alcohol. In *Risner* the person from whom blood was drawn was conscious and there was no showing in the record that the officer had reasonable grounds to believe that that person had been driving a motor vehicle on the public highways of this state while under the influence of alcohol. Therefore the arrest was illegal and the blood test was improper. *Risner* is inapposite to the case *sub judice*.

Although this was not specifically raised by the appellant, we note that the implied consent statute, R.C. 4511.191, is constitutional. *McNulty* v. *Curry* (1975), 42 Ohio St. 2d 341 [71 O.O.2d 317]. Further, the procedure of withdrawing blood from a person charged with driving under the influence of alcohol when there is

probable cause to believe that the person did commit the offense does not violate the Fourth, Fifth or Fourteenth Amendments to the Constitution of the United States. *Schmerber* v. *California* (1966), 384 U.S. 757. The assignment of error is overruled.

Appellant's second assignment of error reads as follows:

"The trial court erred in failing to find that an arrest for driving while under the influence of alcohol was an illegal arrest where the arresting officer did not see the defendant driving or visit the scene of the accident, but bases his arrest merely on finding the defendant unconscious at the hospital and statements given at the hospital by two witnesses."

We have not decided nor, as stated above, need we decide whether there was an actual arrest of the appellant in the instant case. Assuming that there was an arrest of the appellant, it was a valid arrest since the officer had reasonable grounds to believe that the appellant had committed the offense charged. It is not necessary that an officer actually view the operation of a vehicle by an accused in order to validly arrest for violation of R.C. 4511.19. *Oregon* v. *Szakovits, supra.* The assignment of error is overruled.

*Judgment affirmed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.