CITY OF FAIRFIELD, APPELLEE, *v.* REGNER, APPELLANT.

(No. CA83-12-135 — Decided
February 11, 1985.)

*Gerald G. Froelke,* for appellee.
*Richard N. Koehler II,* for appellant.

NICHOLS, J. On December 2, 1983,
appellant, Susan M. Regner, entered
pleas of no contest to "driving under the
influence and driving under suspen-
sion." The trial court found appellant
guilty in each case based upon an ex-
planation of circumstances contained in
the citations, the officer's report and the
evidence and testimony presented at the
hearing on appellant's motion to sup-
press.

The transcript of the suppression
hearing establishes that, on August 25,
1983 at 2:35 a.m., William Bolen, a
police officer for Fairfield, Ohio, was
dispatched to the scene of an automobile
accident that had occurred on Slade
Drive, eighty-nine feet north of Walter
Avenue in Fairfield. He found that an
orange Pinto automobile had gone left-
of-center while traveling southbound
and struck a parked car head-on. He
observed appellant sitting in the driver's
seat with the door open and the auto-
mobile inoperable; appellant was turn-
ing the ignition key and stepping on the
gas in a vain effort to start the car. She
was bleeding from a laceration on her
forehead. Both the Pinto and appellant's
breath had a strong odor of an alcoholic
beverage. Appellant said to Bolon, " 'I
don't know where all this blood comes
from. I hate blood. I am not driving. I
am not here.' "

The emergency squad arrived and
paramedics treated appellant for her
head injury. When she got out of her
car, she staggered around; the para-
medics placed her on a stretcher and
placed her in the emergency vehicle.

Sergeant Richard St. John of the
Fairfield Police Department approached
appellant while she was in the emergen-
cy vehicle. He told her that she was not
under arrest or charged with an offense
but that he wanted to take a sample of
her blood for analysis to determine its
alcoholic content. He advised her that
she could refuse to allow a sample to be
withdrawn and that her consent must be
voluntary. To this request, appellant
replied: " 'You can do anything you
want. You can take anything you
want.' " The paramedic withdrew blood
at St. John's request. Before comple-
tion, appellant began to scream, kick, hit
and swear. The paramedic withdrew the
needle, appellant was restrained and
removed to the hospital.

Appellant was not arrested on the
night of the offense. The police did not
request that she sign a consent form
before her blood was withdrawn; later
that night she refused to sign a written
consent form at the hospital. The police
sent appellant's blood sample to the Cin-
cinnati Department of Health which
filed a written report with the trial court
on September 28, 1983, stating that ap-

pellant's blood test result was 0.25% alcohol blood ethanol in grams per one hundred milliliters. She was arrested as a result of the blood test on September 29, 1983.

Appellant timely filed a motion to suppress the chemical tests of her blood. At the hearing, she orally amended her motion to suppress as follows: (1) the police engaged in an illegal search and seizure, and (2) because she was not placed under arrest before removal of a blood sample, the implied consent provisions of law could not be invoked thus rendering the test results inadmissible.

After consideration of the evidence, the trial court found "* * * that there was, in fact, a search and seizure made by the withdrawal of the blood and we are finding also that she gave a consent." The trial court thereby overruled appellant's motion to suppress and entered judgment accordingly.

The plea proceedings were memorialized by journal entry which stated in part as follows: "This day, upon being arraigned, defendant entered a plea of no contest. The defendant was found guilty of driving while intoxicated (A-1)." The "A-1" reference is apparently Fairfield Codified Ordinance 333.01(A)(1) which is hereinafter set forth.

On December 9, 1983, appellant filed a notice of appeal of the trial court's decision overruling her motion to suppress. Appellant's sole assignment of error is as follows:

"The trial court erred to the prejudice of the defendant in overruling the defendant's motion to suppress the introduction of the results of chemical tests performed on blood withdrawn from her person."

In support of her appeal, appellant submits three issues for review as follows:

## First Issue

"Where the Legislature has statu-torily mandated the procedural requirements for the introduction of chemical tests of the Defendant's blood alcohol content, the trial court may not allow the introduction of the results of said tests when the procedures have not been complied with."

## Second Issue

"Whether or not in the absence of a valid arrest can there be a presumption of intoxication under R.C. Section 4511.19 and 4511.191."

## Third Issue

"In the event the State alleges that the defendant waived her Fourth Amendment right protecting her against unreasonable searches and seizures, the court erred in determining that said consent was freely and voluntarily given."

The germane portions of Ordinance 333.01 are as follows:

"(A) Operation. No person shall operate any vehicle within the municipality if any of the following apply:

"(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and drug of abuse;

"(2) The person has a concentration of ten-hundredths of one percent (0.10%) or more by weight of alcohol in his blood."

R.C. 4511.191 provides the statutory framework under which a person impliedly gives consent to a chemical analysis of bodily substances to determine alcoholic content. If the statutory requirements are met by law enforcement officers, refusal of a suspect to give a sample of a bodily substance results in suspension of his license. Therefore, if there is probable cause to believe that a defendant is operating a motor vehicle upon a public highway while under the influence of alcohol and the defendant is arrested therefor and, if he is properly advised of the consequence

of a refusal to be tested, a refusal may result in the suspension of his license. If the defendant submits to the test, the results may be admitted against him pursuant to R.C. 4511.19(B) if the bodily substance was withdrawn within two hours of the violations. If the substance is blood, it must be withdrawn by a person designated in the statute; and the substance must be analyzed in accordance with methods approved by the director of health by a person possessing a valid permit.

Appellant's first issue advances the proposition that the person who withdrew her blood was not a qualified technician as required by law. Appellant failed to properly draw such issue to the attention of the trial court by motion; therefore, there was a failure by the state to question the paramedic to determine whether he was a proper person within the statute to withdraw blood.

Such assignment must be overruled on authority of *State* v. *Gasser* (1980), 5 Ohio App. 3d 217, 219, wherein the Court of Appeals for Paulding County stated:

"It is our opinion, therefore, that on a pretrial motion to suppress the results of a blood alcohol test the state has the ultimate burden of proof or persuasion as to the facts necessary to show that the test was done in accordance with established law *to the extent that the defendant takes issue with the legality of the test.* In other words, if the stated grounds for defendant's motion to suppress are confined to only one of the subordinate facts, such as the legality of the arrest or such as the time between the alleged violation and the withdrawal of the bodily substance, the defendant, has, in effect, waived all other subordinate matters relating to the legality of the test and the state's ultimate burden of proof or persuasion relates, in such event, only to the disputed facts." (Emphasis added.)

Appellant amended her motion to suppress, but the amendment failed to attack the authority of the paramedic to withdraw her blood. Proof was adduced only as to whether there was an illegal search and seizure and whether she was arrested prior to removal of her blood. Appellant, therefore, waived any claim that she may have had regarding the paramedic.

Appellant, in her second issue, claims that since she was not arrested prior to the withdrawal of the blood, there can be no presumption of intoxication pursuant to R.C. 4511.19 and 4511.191.

It should first be noted that no presumption now attaches to any alcohol level under R.C. 4511.19. R.C. 4511.19(A)(2) merely provides that no person shall operate any vehicle where that person has a concentration of ten-hundredths of one percent or more by weight of alcohol in his blood. Evid. R. 301 provides that:

"* * * a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast."

The defendant, under this section, is not entitled to rebut the blood alcohol test results. With nothing to rebut or meet, there is no presumption. The applicable statute simply proscribes operation of a vehicle with a blood alcohol level equal to or in excess of ten-hundredths of one percent by weight.

Furthermore, appellant was charged under Fairfield Codified Ordinance Sections 333.01(A)(1) and (A)(2), not under R.C. 4511.19(A)(1) and (A)(2). Therefore, the second issue improperly raises the issue that appellant argues, to wit: absent a valid arrest, may the blood alcohol test results be considered for any purpose? Nevertheless,

the theory of the second issue shall be considered and discussed with the third issue.

Appellant, in her third issue, claims that she did not freely and voluntarily consent to the withdrawal of blood, therefore rendering the seizure of blood illegal. In certain situations, consent may obviate the necessity for arrest and, therefore, the second and third assignments of error are inextricably related and must be decided together.

Appellant argues that *State* v. *Risner* (1977), 55 Ohio App. 2d 77 [9 O.O.3d 230], is dispositive of this issue in her favor. We disagree. In *Risner* at 80-81, the Court of Appeals for Logan County stated:

"Thus under the provisions of this controlling statute, there can be no implied consent to withdraw blood and no presumption arising from the result of an analysis thereof unless the person from whom the blood is taken was arrested for the offense of driving while under the influence of alcohol. In the circumstances of this case, where actual consent was given, the actual consent was given after reading the implied consent form to the defendant advising him of the consequences of his refusal to a chemical test, and said consent cannot be said to be voluntary consent sufficient to eliminate the requirement [*sic*] of arrest as a condition precedent to the giving of the chemical test and the raising of the presumption dependent on the result of that test.

"Accordingly, the presumption cannot arise if there has been no arrest and there has been no arrest unless same is made in the manner provided by law. The arrest gives rise to the implied consent, which gives rise to the test, which gives rise to the presumption. The presumption cannot exist or have any probative value independently of a valid arrest. Thus, it is unlike the situation normally dealt with in motions to suppress, where the evidence sought to be suppressed had probative value independently of the illegality of the manner in which it has been obtained. There the waiver goes to the illegality of the obtention. Here an element indispensable to the presumption cannot be waived and it is not necessary, in such circumstances, to raise the issue by a pre-trial motion to suppress."

First, as has been previously pointed out, there is no presumption in the present law. Therefore, in arguing *Risner,* the most that can be said is that the arrest gives rise to the implied consent which gives rise to an absolute presumption. Second, and more importantly, the appellant was convicted on her no contest plea of violation of Ordinance Section 333.01(A)(1) which provides in part that no person shall operate any vehicle under the influence of alcohol. Therefore, the result of the blood alcohol test was only a factor considered to determine guilt, it was not the sole predicate of guilt.

In *Schmerber* v. *California* (1966), 384 U.S. 757, the United States Supreme Court found that it was constitutionally permissible for a police officer to direct a physician to withdraw blood from an arrestee to determine the latter's blood alcohol content. An officer under the circumstances of that case could reasonably believe that he was confronted with an emergency in which a delay necessary to obtain a warrant threatened the destruction of evidence. Thus, incident to a valid arrest, the seizure of blood was upheld.

The legislature, in drafting the implied consent provisions of R.C. 4511.191, recognized that for an arrest to be valid, it must be based upon probable cause, and for there to be a seizure of bodily substance, there must be an arrest. Consistent therewith, an arrestee advised of the consequences of failure to take a test, is considered to have impliedly given his consent to a test.

Failure to submit to a test results in the suspension of driving privileges.

It is conceded in the case *sub judice* that appellant was not under arrest at the time she "consented" to a blood test. Appellee argues that she voluntarily consented to the seizure of her blood, thus eliminating the necessity of an arrest. The trial court found that appellant voluntarily consented. Absent a showing of a clear abuse of discretion or plain error, we are not permitted to reconsider this determination upon a factual showing in support of her position. Assuming that the consent was voluntary, the question remains whether it can supplant the constitutional and statutory requirements of arrest.

In *Risner, supra,* the court implies that were there a valid consent, it might not be necessary to arrest a suspect to render admissible test results. However, the defendant in *Risner* was advised by a police officer of the consequences of his refusal to submit to the test thus vitiating voluntariness. Essentially, the court held that a consent made after a police officer's assertion of his lawful authority is not voluntary. Such consent is merely acquiescence in and acknowledgement of authority.

In fairness to Bolen in the case *sub judice,* he apparently believed that he was without probable cause to arrest appellant at the scene because he had not observed her driving. In *Risner, supra,* the court found that the police officer investigating an accident had not observed the driving, that the suspect was found outside the car with blood on his forehead; and that the suspect denied driving. The court in *Risner* concluded that the police officer did not have probable cause to arrest because, although there was an odor of alcohol, there was no testimony of its source and, when the officer talked to defendant at the hospital, there was no odor of alcohol, no slurred speech, redness of eyes or other classic indicia of alcohol intoxication.

However, the weight of authority appears to be that where a police officer comes to the scene of an accident wherein there was no observable driving but a suspect is found in or near the automobile with an odor of an alcoholic beverage on or about his person, there is probable cause to arrest the suspect for driving under the influence. See *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O.2d 496]; *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140 [38 O.O.2d 366]; *Westlake* v. *Vilfroy* (1983), 11 Ohio App. 3d 26. Therefore, although Bolen objectively had probable cause, he, in fact, did not make an arrest.

Bolen advised appellant that she was not under arrest but that he wanted to obtain a blood sample for analysis of her blood alcohol content. It is universally recognized that a search warrant shall not be required where a search is conducted pursuant to a voluntary consent although there is no antecedent arrest. The United States Supreme Court, in *Schneckloth* v. *Bustamonte* (1973), 412 U.S. 218, 248-249, held:

"* * * that when the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and if the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent."

The court also stated in *Schneckloth, supra,* at 233:

"Conversely, if under all the circumstances it has appeared that the consent was not given voluntarily — that it was coerced by threats or force, or granted only in submission to a claim of

lawful authority [as advising a suspect of the consequences of failure to submit to a chemical test in *Risner*] — then we have found the consent invalid and the search unreasonable. [Citations omitted.]"

Under the facts and circumstances surrounding the investigation in the case *sub judice,* the trial court was justified in finding that appellant voluntarily consented to the withdrawal of her blood. The totality of the circumstances established that appellant acquiesced in and voluntarily approved of her blood being withdrawn; her choice was free and unconstrained. It should be noted that a consensual search does not constitute a waiver which requires a knowing and intelligent relinquishment and abandonment of a known right or privilege. Such "waivers" are reserved to test the abandonment of due process trial rights.

Therefore, we hold that a suspect, upon request of a police officer, may voluntarily consent to submit to a blood test to determine the concentration of alcohol in his or her blood. Such consent constitutes actual consent and relieves the prosecution of establishing the prerequisites of implied consent contained in R.C. 4511.191, to wit: probable cause, arrest and advice of the consequence of a refusal to submit to a test. Where a suspect voluntarily consents to a test, the results may only be admitted into evidence upon an affirmative showing that (1) the suspect's blood was withdrawn within two hours of the time of the alleged violation, (2) the blood was withdrawn by a physician, registered nurse, or a qualified technician or chemist, and (3) the blood was analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health. Such decision is consistent with paragraph two of the syllabus of *Cincinnati* v. *Sand* (1975), 43 Ohio St. 2d 79 [72 O.O.2d 44], which applies to the admission of breathalyzer test results.

Appellant's sole assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment in the Twelfth Appellate District.