OPINION
This is an accelerated appeal from Mentor Municipal Court. Appellant, Scott K. Woodside, appeals from his conviction and sentence for driving under the influence of alcohol, R.C.4511.19(A)(1).
At approximately 2:58 a.m. on November 29, 1996, appellant was involved in a single-vehicle accident in which his truck collided with a utility pole. Patrolman David Paulchel ("Paulchel") of the City of Mentor Police Department was dispatched to the scene of the accident. Upon arriving, Paulchel noticed that appellant's vehicle had sustained serious damage to the front end. Paulchel testified that it appeared that appellant's truck had crossed the center line and two lanes of traffic to collide with a pole on the opposite side of the street. Paulchel also observed appellant sitting on the curb next to his truck, that appellant had been cut and was bleeding from the mouth, and that appellant had an odor of alcohol about his person. Appellant explained to Paulchel that he had fallen asleep at the wheel.
Emergency medical technicians and an ambulance arrived at the scene and attended to appellant's injuries. While the medical personnel were treating appellant's wounds, Paulchel returned to appellant's vehicle to complete the accident report. During that process, he found seven or eight beer cans scattered throughout the vehicle, and noticed that the inside of the truck had a very strong odor of beer.[1] Paulchel then returned to the ambulance where appellant was receiving treatment and noticed that the odor of alcohol emanating from appellant was significantly stronger inside the ambulance. At that point, Paulchel decided to arrest appellant for driving under the influence of alcohol. Since appellant had sustained injuries, Paulchel did not administer any field sobriety tests.
Paulchel accompanied appellant to the hospital. When the hospital personnel removed appellant's clothing, a knife encased in a leather sheath fell from his boot. After appellant had received preliminary medical treatment, Paulchel informed appellant of his constitutional rights. Later that morning, Paulchel asked appellant to submit to a blood test and appellant refused.
On the morning of the accident, Paulchel gave appellant citations for driving under the influence of alcohol, R.C.4511.19(A)(1), and failure to control his vehicle, R.C. 4511.202. Appellant was later charged with carrying a concealed weapon, R.C.2923.12(A). On February 4, 1996, appellant filed a "Motion to Dismiss" the R.C. 4511.19(A)(1) charge, on the basis that Paulchel lacked probable cause to arrest appellant. The trial court subsequently overruled this motion. Following a jury trial, appellant was convicted of carrying a concealed weapon, R.C.2923.12(A), and driving under the influence of alcohol, R.C.4511.19(A)(1). The trial court sentenced appellant to one year of imprisonment in the Lake County Jail, with release for work, fined appellant $1,200, including costs, and suspended appellant's driver's license for five years. Appellant's sentence has been stayed pending appeal.
Appellant now timely appeals, raising the following assignments of error:
 "[1.] The trial court erred to the prejudice of appellant in denying appellant's motion to dismiss the charge against him of driving under the influence of alcohol [R.C.] 4511.19, and finding him guilty of the same, contrary to law and against the sufficiency of the evidence.
 "[2.] The trial court erred to the prejudice of appellant in denying appellant's motion to dismiss the charge against him of driving under the influence of alcohol, [R.C.] 4511.19, contrary to the law and against the manifest weight of the evidence."[2]
In the first assignment of error, appellant initially argues that Paulchel lacked probable cause to arrest appellant for operating a vehicle while under the influence of alcohol. Preliminarily, we note that the proper method to assert this argument in the trial court was through a motion to suppress all evidence flowing from the arrest pursuant to Crim.R. 12(B)(3). See State v. French (1995), 72 Ohio St.3d 446, 449. The failure to seek suppression through a timely filed motion to suppress constitutes a waiver of the right to assert that certain evidence should have been suppressed. State v. Wade (1978), 53 Ohio St.2d 182, paragraph three of the syllabus. Therefore, since appellant failed to timely file a motion to suppress all evidence flowing from his arrest, he has waived the opportunity to contest the admission of that evidence.[3]
In the interest of justice, we will address the substantive merit of appellant's motion to dismiss as if it were a properly framed motion to suppress. Under certain circumstances, a police officer may legally arrest a suspect for operating a motor vehicle under the influence of alcohol although he or she did not actually witness the operation of the vehicle. Oregon v. Szakovits (1972),32 Ohio St.2d 271, 273. In Fairfield v. Regner (1985), 23 Ohio App.3d 79,84, the court stated:
 "[T]he weight of authority appears to be that where a police officer comes to the scene of an accident wherein there was no observable driving but a suspect is found in or near the automobile with an odor of an alcoholic beverage on or about his person, there is probable cause to arrest the suspect for driving under the influence." See, also, Hamilton v. Baker (May 16, 1994), Butler App. No. CA93-09-170, unreported, at 2, 1994 WL 188599; and State v. Conover (1985), 23 Ohio App.3d 161, 163.
Therefore, when an officer arrives at the scene of an accident soon after its occurrence, discerns an odor of alcohol about a suspect near the vehicle, and the suspect admits to having driven the vehicle, the officer has probable cause to arrest that individual for driving under the influence. Regner at 84.
In the case sub judice, Paulchel observed the scene of a one-vehicle accident in which it appeared that appellant had driven left of center across two lanes of traffic, and crashed into a pole. Almost immediately, appellant implicitly conceded that he had driven the vehicle. Additionally, appellant smelled of alcohol, and the interior of appellant's vehicle contained numerous beer cans and emanated a strong odor of beer. Furthermore, when Paulchel encountered appellant in the ambulance, the odor of alcohol about appellant was stronger than when he was seated at the curb. Therefore, based upon these facts, Paulchel had probable cause to arrest appellant for operating a motor vehicle under the influence of alcohol.
Appellant also asserts in the first assignment of error that the trial court's verdict is not supported by sufficient evidence. The test for sufficiency of the evidence is whether the prosecution has presented evidence on each material element of the offense charged to permit a jury's consideration of the issue.State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10. The Supreme Court of Ohio has held that "[i]n essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * * In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. * * *" (Citations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380, 386. See, also, Schlee at 10. In the present matter, in order to satisfy the sufficiency test, the prosecution had the burden of presenting evidence showing that appellant operated his vehicle under the influence of alcohol. R.C. 4511.19(A)(1). As mentioned above, the evidence shows that: (1) appellant was involved in a single-vehicle accident; (2) there was an odor of alcohol about appellant; (3) there were several beer cans in appellant's truck; and (4) appellant implicitly admitted to operating the vehicle when he explained that he had fallen asleep at the wheel. Based upon this evidence, the prosection presented sufficient evidence to conclude that appellant had operated a vehicle while under the influence of alcohol. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that his conviction for operation of a vehicle while under the influence of alcohol is against the manifest weight of the evidence. In analyzing appellant's manifest weight argument:
 "The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, Thompkins at 387; Schlee at 11.
As stated above, the evidence shows that appellant smelled of alcohol shortly after he was involved in a single-vehicle accident, and that a significant amount of beer was scattered throughout his truck. Under these circumstances, we cannot conclude that the jury clearly lost its way in reaching a guilty verdict; therefore, appellant's conviction for driving while under the influence of alcohol is not against the manifest weight of the evidence. Appellant's second assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the Mentor Municipal Court is affirmed.
DONALD R. FORD, PRESIDING JUDGE.
CHRISTLEY, J., and NADER, J., concur.
[1] Paulchel also testified that the beer cans were unopened, that they appeared to have been in a cooler before the accident, and that they were strewn throughout the vehicle as a result of the accident's impact.
[2] On appeal, appellant does not attack the charge of carrying a concealed weapon, R.C.2923.12.
[3] Although not at issue in this appeal, appellant properly filed a motion to suppress the introduction of the knife seized from appellant at the hospital.