OPINION
Defendant-appellant Vanessa Holland, appeals the February 4, 2000, Judgment Entry of the Licking County Municipal Court overruling her motion to suppress evidence.
 STATEMENT OF THE FACTS AND CASE
On October 2, 1999, at approximately 2:40 A.M., an officer of the Granville Police Department observed defendant-appellant Vanessa Holland [hereinafter appellant] speeding, specifically, traveling 47 miles per hour [hereinafter mph] in a 35 mph zone. The officer initiated a traffic stop. As the driver pulled the vehicle off the road, she placed the car into park while it was still moving, causing the car to rock back and forth after it stopped. As the officer approached the car, he recognized the driver as being a person he had stopped three months previously for operating a motor vehicle while under the influence [hereinafter OMVI]. The officer recalled that during his previous encounter with appellant, appellant had refused to submit to a chemical breathalyser test. The officer understood that as a result of her refusal, appellant's driver's license would have been suspended for one year. The officer requested appellant's driver's license and registration and noted a strong odor of alcoholic beverage coming from the vehicle. Appellant responded that she did not have her driver's license with her. During this exchange, the officer noticed that appellant's eyes were bloodshot and glassy and that her speech was slurred on occasion. Appellant told the officer that she had consumed two beers. The officer then asked appellant to step from the vehicle and submit to field sobriety tests. However, appellant declined to exit the vehicle and refused to submit to field sobriety tests. Therefore, the officer forcibly removed appellant from the vehicle. Appellant was again asked if she was going to take the field sobriety tests, but she refused. Since appellant appeared to be intoxicated and smelled of alcohol and the officer knew her license was suspended pursuant to his previous stop of appellant, the officer placed appellant under arrest for driving under the influence of alcohol and driving under suspension. The officer described appellant as argumentative during his contact with her. Further, after appellant was placed under arrest, the officer had to hold onto her to keep her from falling. Appellant was transported to the Granville Police Station where she was asked to submit a breath sample to be tested for alcohol. Appellant refused. Appellant was charged with driving under the influence, in violation of R.C. 4511.19, driving under suspension, in violation of R.C. 4507.02, and speeding, in violation of R.C. 4511.21. On October 4, 1999, appellant appeared before the Licking County Municipal Court and entered a plea of not guilty to each charge. On December 10, 1999, appellant filed a motion to extend the time within which a motion to suppress evidence could be brought before the trial court. Contemporaneously with the filing of that request, a Motion to Suppress was filed. The trial court granted the request for leave to file and a hearing on the Motion was held on January 31, 2000. In a Judgment Entry filed February 4, 2000, the trial court denied the motion to suppress. Thereafter, on February 24, 2000, the appellant appeared before the trial court and withdrew her previously entered pleas of not guilty and entered pleas of no contest to each of the charges contained in the Complaint. The trial court entered a finding of guilty on February 24, 2000. Appellant appeals the trial court's denial of her Motion to Suppress, raising the following assignment of error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982),1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141, State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657,134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Our review of this matter is de novo. Appellant does not challenge the trial court's factual findings or applicable law, but rather challenges the trial court's application of the law to those facts. Specifically, appellant contends the officer did not have probable cause to arrest appellant. Therefore, appellant contends that the officer could not request that she submit to a breath test, citing State v. Risner (1977),55 Ohio App.2d 77, 379 N.E.2d 262. We disagree. "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v. Medcalf (1966), 111 Ohio App.3d 142,147, 675 N.E.2d 1268 (citing Huber v. O'Neill (1981), 66 Ohio St.2d 28,30, 419 N.E.2d 10 (quoting Ash v. Marlow (1851), 20 Ohio 119, paragraph one of the syllabus). In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Id. (citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142). Moreover, the arrest must be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. See State v. Van Fossen (1984),19 Ohio App.3d 281, 283, 484 N.E.2d 191. In determining whether probable cause exists, this court must look at the totality of the circumstances. Medcalf, supra. The officer testified at the hearing on the Motion that appellant was seen driving her automobile, had a strong odor of alcohol, admitted consuming alcohol, displayed bloodshot and glassy eyes, was argumentative and uncooperative, as displayed by her refusal to exit the vehicle or submit to field sobriety tests, slurred her speech and placed her automobile into park before the vehicle had stopped moving. These factors are more than sufficient to establish that the officer had probable cause to arrest defendant for driving under the influence. Therefore, the trial court properly denied appellant's Motion to Suppress. Based upon our holding that there was probable cause to arrest appellant for driving while under the influence, we need not decide whether the trial court properly concluded that there was probable cause to arrest appellant for driving under suspension. Appellant's sole assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
Edwards, J. Gwin, P.J. and Hoffman, concurs