DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Oregon Municipal Court, in which the trial court denied a motion to suppress and an appeal of an Administrative License Suspension filed by appellant, Raymond Bachmayer, Jr.
 {¶ 2} On appeal appellant sets forth the following two assignments of error:
 {¶ 3} "A. The trial court erred in refusing to grant the appellant's appeal of his Administrative Licenses Suspension (ALS) by virtue of the fact that the officer did not have reasonable grounds to believe that the defendant had been operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
 {¶ 4} "B. The trial court erred by denying the defendant's motion to suppress the results of the B.A.C. test and other evidence tending to establish the defendant's intoxication, by reason of the fact that the officer lacked probable cause to arrest the defendant."
 {¶ 5} The parties to this appeal have agreed upon the following stipulated set of pertinent facts. At approximately 3:45 a.m. on September 12, 2001, Adam Welly and Shawn Schultze observed a green Oldsmobile Delta 88 being driven in a reckless manner at the corner of Starr Avenue and Hampton Road in Oregon, Ohio. Welly and Schultze, who were painting traffic markings at the intersection, also observed the vehicle striking several orange traffic cones and saw an occupant of the vehicle removing cones from the work area. At 4:15 a.m., Welly and Schultze again observed the Oldsmobile being driven in a reckless manner. They immediately contacted their job foreman by radio, who followed the vehicle until it stopped in front of a private residence at 3144 North Reach Road in Oregon. The foreman notified Oregon Police of the vehicle's location and license number.
 {¶ 6} At approximately 4:20 a.m., Oregon Police Officer M. Blazevich spoke to Welly and Schultze and then proceeded to 3144 North Reach Road, where the Oldsmobile was parked. Upon approaching the vehicle, Blazevich observed approximately ten orange traffic cones inside the vehicle. Blazevich then knocked on the door of the residence. Appellant's father answered the door and, in response to Blazevich's comments concerning Welly's and Schultze's report, appellant went outside to speak to the police officer.
 {¶ 7} Upon speaking to appellant, Blazevich noticed that appellant had a strong odor of alcohol on his person, and exhibited slurred speech, swaying, and glassy, bloodshot eyes. Appellant denied he had been drinking, and did not admit that he had been driving the Oldsmobile. Nevertheless, Blazevich subjected appellant to a battery of field sobriety tests which, in the officer's opinion, appellant did not successfully complete. Blazevich then arrested appellant and transported him to the cite where Welly and Schultze were working.
 {¶ 8} Welly and Schultze identified appellant as the driver of the green Oldsmobile they observed earlier that morning. Appellant was then taken to the Oregon Police Station, where he submitted to a breathalyser test, which demonstrated that appellant had a breath alcohol content of .128 grams of alcohol per two hundred ten liters of breath, in excess of the legal limit. Appellant was charged with two counts of driving a motor vehicle while under the influence of alcohol in violation of Oregon Municipal Code Section 303.01(A)(1) and (A)(3)[1] ("Case No. 01TRC02814"), and his Ohio operator's permit was seized pursuant to an administrative license suspension (Case No. 01CVH00493").
 {¶ 9} On October 26, 2001, appellant filed a motion to suppress, in which he asserted that all the evidence of intoxication obtained by police was "tainted" as a result of his unlawful arrest. Specifically, appellant argued that "on the night of his arrest, officers lacked probable cause to believe that he had committed any criminal or traffic offense which would subject him to arrest." On October 5, 2002, appellant filed an appeal from the administrative license suspension, in which he also asserted that he was arrested without probable cause.
 {¶ 10} On December 17, 2001, the trial court held an evidentiary hearing on both matters, after which it found that, based on the "totality of the circumstances," probable cause existed to justify appellant's arrest. Accordingly, appellant's motion to suppress and his appeal from the license suspension were denied. Appellant then entered a plea of no contest to the DUI charges in Case No. 01TRC02814.
 {¶ 11} On January 15, 2002, appellant filed a timely appeal in Case No. 01CVH00493 and, on February 8, 2002, he filed a timely appeal in Case No. 01TRC02814. On February 25, 2002, the two cases were consolidated for purposes of this appeal.
 {¶ 12} Appellant asserts in his second assignment of error that the trial court erred by overruling his motion to suppress the results of the breathalyser test "and all other observable indicia of intoxication." In support thereof, appellant asserts that the evidence was tainted because Officer Blazevich did not have probable cause to arrest appellant without a warrant, when he did not observe the alleged violation and appellant did not admit to driving the vehicle.
 {¶ 13} The standard of review with respect to a motion to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. In such a hearing, "the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521,548. However, on appeal, this court must independently determine whether the trial court met the applicable legal standard. State v. Williams
(1993), 86 Ohio App.3d 37, 41.
 {¶ 14} R.C. 2935.03 states that "A * * * police officer * * * shall arrest and detain, until a warrant can be obtained, a person found violating a law of this state, or an ordinance of a municipal corporation * * *."
 {¶ 15} In Ohio, a warrantless arrest in a DUI case is constitutional so long as, at that moment, the officer had probable cause to make the arrest. State w. Woodards (1966), 6 Ohio St.2d 14, 20. Whether the officer had probable cause depends upon whether "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the * * * [defendant] had committed or was committing an offense." State v. Heston (1972), 29 Ohio St.2d 152,155-156, citing Beck v. Ohio (1964), 379 U.S. 89, 91.
 {¶ 16} In Oregon v. Szakovits (1972), 32 Ohio St.2d 271, the Ohio Supreme Court established three guidelines for evaluating whether probable cause exists in DUI cases where the officer has not personally observed the accused driving: 1) "Generally, each `drunken driving' case is to be decided on its own particular and peculiar facts"; 2) "A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating a vehicle"; and 3) "the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle * * *.'" Id. at 273, citing Mentor v. Giordano (1967),9 Ohio St.2d 140, 146.
 {¶ 17} In this case it is undisputed that Officer Blazevich did not personally observe appellant driving the green Oldsmobile on September 12, 2001, and the witnesses did not give police a description of the driver of the vehicle. In addition, the record contains no evidence that appellant admitted to driving the Oldsmobile, or that appellant was the only person that could have driven the vehicle that morning. Finally, there was no evidence presented to demonstrate that appellant was intoxicated at the time the vehicle was being driven.
 {¶ 18} Upon consideration of the record in this case and the law, this court finds, on these facts, that insufficient evidence exists to demonstrate that Officer Blazevich had probable cause to believe that appellant was operating a motor vehicle while under the influence of alcohol. Accordingly, the trial court erred by not granting appellant's motion to suppress all evidence obtained as a result of appellant's invalid arrest. Appellant's second assignment of error is well-taken.
 {¶ 19} Appellant asserts in his first assignment of error that the trial court erred by denying his appeal of the ALS suspension and refusing to return his Ohio operator's license. In support thereof, appellant argues that the breathalyser test results were illegally obtained pursuant to an invalid arrest, in violation of the implied consent provisions set forth in R.C. 4811.191.
 {¶ 20} R.C. 4911.191 provides, in relevant part, that:
 {¶ 21} "(A) Any person who operates a vehicle upon a highway or any public or private property used by the public for vehicular travel * * * shall be deemed to have given consent to a chemical test or tests of the person's blood, breath, or urine for the purpose of determining the alcohol * * * content of the person's blood, breath, or urine if arrested for operating a vehicle while under the influence of alcohol * * * or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine. The chemical test or tests shall be administered at the request of a police officer having reasonable grounds to believe the person to have been operating a vehicle * * * while under the influence of alcohol or with a prohibited concentration of alcohol in the blood, breath, or urine. * * *"
 {¶ 22} Ohio courts have held that the statute allows for the chemical test to be given either by the express consent of the defendant or through the implied consent provision of R.C. 4511.191(A). FairfieldRegner (1985), 23 Ohio App.3d 79, 85. However, the seizure of a bodily substance pursuant to the implied consent provisions of R.C. 4511.191
must be preceded by a valid arrest, i.e., the facts must establish that the arrest was based on probable cause. State v. Rice (1998),129 Ohio App.3d 91, 96, citing Regner, supra.
 {¶ 23} As set forth above, it is undisputed that appellant did not expressly consent to the breathalyser test. The record shows that appellant submitted to the test only after he was arrested by Officer Blazevich and transported to the police station.
 {¶ 24} Upon consideration of the record, the law, and our disposition as to appellant's second assignment of error, this court finds that the breathalyser test given to appellant pursuant to the implied consent provisions of R.C. 4511.191(A) was not preceded by a valid arrest. Accordingly, the results were illegally obtained, and the trial court erred as a matter of law by relying on those results and denying appellant's appeal of the ALS suspension. Appellant's first assignment of error is well taken.
 {¶ 25} The judgment of the Oregon Municipal Court is hereby reversed and appellant's conviction is vacated. The case is remanded to the trial court for the reinstatement of appellant's Ohio operator's license. Court costs of this appeal are assessed to appellee, the state of Ohio.
JUDGMENT VACATED.
 Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] O.M.C. 303.01(A)(1) and (A)(3) are, in all relevant respects, identical to R.C. 4511.11(A)(1) and (A)(3). In discussing the legal issues in this appeal, we will refer only to R.C. 4511.11.