[Cite as *State v. Wagner*, 2016-Ohio-5798.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANTHONY WAGNER | : | Case No. 2015CA00201 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Canton Municipal
                                Court, Case No. 2015 TRC 04393

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               September 12, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH MARTUCCIO                          ROBERT P. HORTON
Canton Law Director                       Slater & Zurz
                                          One Cascade Plaza, Suite 2200
TYRONE D. HAURITZ                         Akron, Ohio 44308
Canton City Prosecutor

TASHA FORCHIONE
Assistant City Prosecutor
218 Cleveland Ave. SW
Canton, Ohio 44702

*Baldwin, J.*

{¶1}   Appellant Anthony Wagner appeals a judgment of the Canton Municipal Court convicting him of operating a vehicle under the influence of alcohol (R.C. 4511.19(A)(1)(a)) upon a plea of no contest.  Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Patrolman Justin Brumbaugh of the North Canton Police Department was on routine patrol on June 20, 2015.  At 1:18 a.m., he observed a black Kia traveling 52 mph in a 35 mph zone.  Ptl. Brumbaugh executed a u-turn and stopped the vehicle.

{¶3}   Appellant was driving the vehicle.  Ptl. Brumbaugh observed that the appellant had bloodshot eyes and a strong odor of alcohol was coming from the vehicle. When asked if he had consumed alcohol, appellant first responded that he had not.  When the officer pointed out the odor of alcohol, appellant admitted to having a couple drinks.

{¶4}   The officer asked appellant to step out of the vehicle, and then determined that the odor of alcohol was coming from appellant.  He asked appellant to perform field sobriety tests, beginning with the horizontal gaze nystagmus (HGN) test.  The officer shut the strobe lights off on his cruiser so they would not interfere with the HGN test.   He gave appellant instructions which appellant appeared to understand.

{¶5}   The officer used his left index finger as a stimulus, approximately 12-15 inches from appellant's eyes.  He checked the pupils for equal size.  The officer checked for equal tracking, doing only one pass.  He next checked appellant's eyes for lack of smooth pursuit.  Because of appellant's height, he moved appellant to sit on the front bumper of the cruiser to perform the maximum deviation and onset prior to 45 degrees tests.  Ptl. Brumbaugh observed all six clues on the HGN test.

{¶6} The officer next asked appellant to perform the walk and turn test. He began giving appellant instructions, during which appellant had difficulty maintaining his balance. Appellant told the officer he would not take further field sobriety tests and wanted to call his attorney. The officer then placed appellant under arrest for OVI.

{¶7} Appellant moved to suppress evidence on the basis that there was a lack of reasonable suspicion to prolong the detention of appellant and a lack of probable cause for his arrest. Appellant further argued that the HGN test was not performed in substantial compliance with National Highway Transportation and Safety Administration (NHTSA) guidelines. Following an evidentiary hearing, the court overruled the motion to suppress. Appellant then entered a plea of no contest and was convicted. He was sentenced to 180 days incarceration with all but three suspended and was fined $375.00. His operator's license was suspended for 180 days.

{¶8} Appellant assigns two errors:

{¶9} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BY FINDING THAT THE ARRESTING OFFICER ADMINISTERED THE FIELD SOBRIETY TESTS IN SUBSTANTIAL COMPLIANCE WITH THE TESTING GUIDELINES SET FORTH BY THE NATIONAL HIGHWAY TRANSPORTATION AND SAFETY ADMINISTRATION.

{¶10} "II. THE TRIAL COURT ERRED IN FINDING THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE TO PLACE APPELLANT UNDER ARREST FOLLOWING THE ADMINISTRATION OF THE FIELD SOBRIETY TESTS BASED ON THE TOTALITY OF THE CIRCUMSTANCES."

I.,II.

**{¶11}** Appellant argues that the court erred in overruling his motion to suppress the results of the horizontal gaze nystagmus test, and that under the totality of the circumstances the officer lacked probable cause to arrest him for OVI.

**{¶12}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154–155, 2003–Ohio–5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap,* 73 Ohio St.3d 308,314, 1995–Ohio–243, 652 N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist.1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); See, generally, *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

**{¶13}** While field sobriety tests must be administered in substantial compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered. *State v. Homan,* 89 Ohio St.3d 421, 732 N.E.2d 952(2000), *superseded by statute on other grounds as stated in State v. Boczar,* 113 Ohio St.3d 148, 863 N.E.2d 155, 2007–Ohio–1251.

**{¶14}** In *Homan, supra,* the facts which supported a finding of probable cause were red and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol. The case law is in agreement that probable cause to arrest may exist, even without field sobriety test results, if supported by such factors as evidence that the defendant caused an automobile accident; a strong odor of alcohol emanating from the defendant; an admission by the defendant that he or she was recently drinking alcohol; and other indicia of intoxication, such as red eyes, slurred speech, and difficulty walking. *Oregon v. Szakovits,* 32 Ohio St.2d 271, 291 N.E.2d 742(1972); *Fairfield v. Regner,* 23 Ohio App.3d 79, 84, 491 N.E.2d 333(12th Dist.1985); *State v. Bernard,* 20 Ohio App.3d 375, 376, 485 N.E.2d 783(9th Dist.1985); *Westlake v. Vilfroy,* 11 Ohio App.3d 26, 27, 462 N.E .2d 1241(8th Dist.1983); *State v. Judy,* 5th Dist. No.2007–CAC–120069, 2008–Ohio–4520, ¶ 27. Further, the Ohio Supreme Court has held that the officer may testify regarding observations made during a defendant's performance of standardized field sobriety tests even absent proof of "strict compliance." *State v. Schmitt,* 101 Ohio St.3d 79, 2004–Ohio–37, 801 N.E.2d 446, (2004), ¶ 15.

**{¶15}** In *State v. Emmons*, 5th Dist. Ashland No. 14-COA-016, 2014-Ohio-5842, ¶¶ 23-24, we found that even excluding the results of the HGN test, probable cause to arrest for OVI was supported by the trooper's observation of glassy eyes, an odor of alcohol, admission that the defendant had been drinking, and speeding. Similarly, in the instant case, even excluding the results of the HGN test, probable cause to arrest for OVI was supported by Officer Brumbaugh's observation of appellant's bloodshot eyes, the odor of alcohol emanating from appellant, appellant's admission to drinking, and speeding. Further, in the instant case the officer testified that appellant became unsteady on his feet when he began giving instructions for the walk and turn test, and this observation of unsteadiness is corroborated by the videotape of the stop. Therefore, the officer had probable cause to arrest appellant even if the results of the HGN test were excluded.

The assignments of error are overruled. The judgment of the Canton Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.